## CIRCUIT COURT OF NORTHAMPTON COUNTY

Commonwealth of Virginia

    v.

William Douglas Meierotto

February 9, 2006

Case No. CR05000180-01

BY JUDGE GLEN A. TYLER

This case is a timely-noted appeal of a class 2 misdemeanor conviction. The Court will decide, *de novo*, whether the Defendant violated the provisions of Va. Code Ann. § 46.2-300. The charge is that he drove a noncommercial motor vehicle and had no Virginia motor vehicle operator's license.

The Defendant was the operator of a 1993 Ford van, which is not a "commercial motor vehicle." Va. Code Ann. § 46.2-341.4. The van bore Oregon license plates. The offense occurred on August 18, 2005, on a Virginia highway in Northampton County, Virginia. He was issued a summons by a Northampton County Deputy Sheriff.

The Defendant is a domiciliary of Oregon. Contrary to his mistaken contention, he is, was at the time of the offense, and has been a resident of Virginia for approximately three years before the charge. He regularly resides here and regularly drives noncommercial motor vehicles in Northampton County, Virginia. Defendant contends that his validly issued Oregon commercial driver's license permits him lawfully to drive noncommercial vehicles in Virginia while he is a resident in Virginia regardless of how long he resides here.

It should be noted at the outset that the fact that the Defendant does not wish to relinquish his Oregon commercial driver's license is immaterial. His argument that there is a standoff because Virginia will not issue to him a driver's license of any kind so long as he has an Oregon commercial driver's license is

not dispositive of the issue in this case. See Va. Code Ann. § 46.2-323. The issue remains whether he is in compliance while driving noncommercial vehicles in Virginia, regardless of what he believes is best for him personally. To decide the issue, the Court will review the various relevant statutes.

Defendant is charged under Va. Code Ann. § 46.2-300, driving a motor vehicle on a Virginia highway without obtaining a valid Virginia driver's license. Under the facts of this case, the exemptions in Va. Code Ann. § 46.2-307 and § 46.2-308 do not apply. Section 46.2-307 applies to nonresidents, and § 46.2-308 limits the exemption for residents to sixty days. The Legislature knows how and when to use the words domicile and resident as it deems appropriate. The Defendant is not a "Nonresident" because he is a person who has actually resided in Virginia for a period of six months. Va. Code Ann. § 46.2-100.

It is noted that, pursuant to Va. Code Ann. § 46.2-100, a person not domiciled in Virginia is considered a "Nonresident" for *purposes* of the Commercial Drivers License Act, § 46.2-341.1 et seq. The purpose of that Act is not to supplant the motor vehicle laws relating to driver licensing. Va. Code Ann. § 46.2-341.3. The purpose is to require stricter standards of licensure for drivers of commercial vehicles. Va. Code Ann. § 46.2-341.7.

Furthermore, any person who is not domiciled in Virginia and has a commercial driver's license from his state of domicile may, without further examination or licensure by Virginia, drive a *commercial* motor vehicle in Virginia. Va. Code Ann. § 46.2-341.8. Defendant mistakenly argues that conversely he is a nonresident for purposes of general licensure and can thus drive noncommercial vehicles lawfully. The Legislature did not intend that result.

The Defendant will need to decide whether he wishes to relinquish his Oregon domicile or license or drive only commercial vehicles while on commercial business in Virginia. While this may appear to be an anomaly, only the Legislature can fashion a different result.

The Court finds the Defendant guilty and assesses a fine of $100.